## MORRISON CO. v. CUDAHY PACKING CO.

(Court of Appeals of District of Columbia. Submitted November 18, 1920. Decided January 3, 1921.)

No. 1352.

Trade-marks and trade-names ⬤⟿43—Mark of applicant held similar to opposer's mark.

The owner of a trade-mark, consisting of the figure of a Dutch woman with the words "Dutch Cleanser," over it, which had become widely known as the fanciful name for the owner's product, can successfully oppose the registration of a trade-mark for goods of the same descriptive properties, consisting of the figure of a Dutch mother spanking a Dutch child, over which were the word "Beats the Dutch."

Appeal from the Commissioner of Patents.

Application by the Morrison Company for registration of a trademark, opposed by the Cudahy Packing Company. From a decision of the Commissioner of Patents, sustaining the opposition, the applicant appeals. Affirmed.

E. Hayward Fairbanks, of Philadelphia, Pa., and James Hamilton, of Washington, D. C., for appellant.

William S. Jackson, of Philadelphia, Pa., and James L. Norris, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents sustaining the opposition of the Cudahy Packing Company to the registration by the Morrison Company of the words "Beats the Dutch," over the figure of a Dutch mother beating or spanking a Dutch child.

At the time of the alleged adoption of applicant's mark, the mark of opposer, consisting of the figure of a Dutch woman with the words "Dutch Cleanser" over it, was widely known. Many thousands of dollars had been expended in advertising this particular cleanser, and, while in this advertising and in the actual use of the mark it clearly appeared that the cleanser was made in the United States, nevertheless it had come to be known by the fanciful name under which it was sold, "Dutch Cleanser." Although the evidence introduced by the opposer tends to prove that actual confusion has resulted, we do not stop to analyze it, because it is as apparent to us as to the Patent Office that applicant's mark was intended, not only to "Beat the Dutch," but, to some extent at least, to beat the Cudahy Packing Company as well. That confusion would be likely to result from the registration of these marks, applied to goods of the same descriptive properties, is too plain to require further discussion.

The decision is affirmed.

Affirmed.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes